NOT FOR PUBLICATION (Doc. No. 11)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB | |
| Plaintiff | Civil No. 15-7853 |
| v. | **OPINION** |
| KEITH HARVIN, | |
| Defendant. | |

**Kugler**, United States District Judge:

Wilmington Savings Fund Society, FSB ("Plaintiff" or "WSFS") brings claims seeking a judgment in mortgage foreclosure and for sale of collateral securing said mortgage, and also seeks an *in personam* judgment against Keith Harvin ("Defendant" or "Harvin") for the default on the Note securing his mortgage. This matter comes before the Court on Plaintiff's Motions for Summary Judgment in the related actions (Doc No. 11) (No. 15-7859, Doc. No. 10-3). For the following reasons, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. FACTUAL BACKGROUND

The facts in the light most favorable to the Defendant are as follows: WSFS and Defendant entered into a Home Equity Line Agreement and Disclosure Statement ("Note") on August 15, 2005. Plaintiff's Statement of Material Facts Not in Dispute ("Pl.'s Statement"), ¶ 3 (Doc. No 11); Defendant's Response to Pl.'s Statement ("Def.'s Resp."), ¶ 3 (Doc. No. 15). The Note provides for a loan with a credit limit of up to $2,136,000. *Id. See also* Compl., Ex. A (Doc.

No. 1). Defendant executed and delivered a Mortgage to Plaintiff as security for repayment of the Loan on August 15, 2005, which was then recorded in the Cape May County Clerk's Office. Pl.'s Statement, ¶ 5-6; Def.'s Resp., ¶ 5-6.

On September 30, 2015, Plaintiff sent Defendant a letter informing him of his default under the terms of the Note and Mortgage. Pl.'s Statement, ¶ 9; Def.'s Resp., ¶ 9. Defendant admits that he failed to make regular monthly payments under the terms of the Note and Mortgage for the months of August, September, October, November, and December 2015, and has not paid any sums due as of the filing of the Motion for Summary Judgment. Pl.'s Statement, ¶ 11, 14; Def.'s Resp., ¶ 11, 14. Defendant has also failed to pay off taxes that have become liens against the property, nor has he cured the defaults detailed in Plaintiff's default notice. Pl.'s Statement, ¶ 12; Def.'s Resp., ¶ 12. Defendant also admits that he has not satisfied, or been released from, his obligations under the Note held by Plaintiff. Pl.'s Statement, ¶ 15; Def.'s Resp., ¶ 15.

According to WSFS, the following amounts are due by Defendant under the Note and Mortgage as of March 4, 2016:

- Principal: $2,135,619.62
- Interest: $47,855.24
- Appraisal Fee: $870
- Late Charge: $12,722.28
- Delinquent Taxes: $13,985.85
- Property Report: $50
- Attorneys' Fees: $9360.08

Pl.'s Statement, ¶ 13. WSFS also notes that interest continues to accrue at a *per diem* default rate of $204.23 from and after March 4, 2016 until paid in full. *Id.* Defendant disputes the amounts due to Plaintiff, particularly the late charges, the *per diem* interest rate, and the reasonability of certain fees. *See* Def.'s Resp., ¶ 13; Def.'s Br., at 5-7 (Doc. No. 14).

## II. STANDARD

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Id.* at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in her favor. *Id.* at 255.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. Furthermore, the nonmoving may not simply allege facts, but instead must "identify those facts of record which would contradict the facts identified by the movant." *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002). If a nonmoving party's responsive statement merely attempts to dispute a fact asserted and supported by the record by the moving party, without supporting their position with a citation to the record, such statement is insufficient to create an actual dispute of fact, and the Court will regard the moving party's facts

as undisputed for the purposes of the motion. *See Soto-Muniz v. Corizon, Inc.*, No. 10-3617, 2015 WL 1034477, at *3 n.3 (D.N.J. Mar. 10, 2015). The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. DISCUSSION

#### A. Liability for the Note

As noted above, Plaintiff moves for summary judgment for entry of an *in personam* judgment against Defendant in light of his default under the terms of the Note. Plaintiff argues that Defendant has admitted almost all of the facts necessary to support a judgment against Defendant. Pl.'s Br., at 5 (Doc. No. 11-3). As discussed above, Defendant has admitted that he failed to make regular monthly payments under the terms of the note and mortgage for the months of August, September, October, November, and December 2015, and has not paid any sums due as of the filing of the Motion for Summary Judgment. Defendant also admits that he has not satisfied, or been released from, his obligations under the Note held by Plaintiff. Furthermore, the Note provides that failure to make payments due under the Note constitutes an Event of Default which, after notice, makes the entire amount owed due and payable immediately. Pl.'s Br., at 5-6. Defendant only contests the accuracy of the amounts WSFS claims that he owes, and demands "[s]trict proof" of the amounts owed at trial. Def.'s Resp., ¶ 13. Accordingly, the Court grants Plaintiff's motion for summary judgment as to Defendant's liability for the Note.

**B. Damages**

The Court now turns to the requested relief. Plaintiff requests judgment against Defendant for the claimed amount due under the Loan and Note. Plaintiff alleges that Defendant owes $2,221,463.07. This includes $2,135,619.62 in principal, $47,855.24 in interest, $870 in appraisal fees, $12,722.28 in late charges, $13,985.85 in delinquent taxes, $50 for a property report, and $9360.08 in attorneys' fees.[1]

The Court finds that WSFS is entitled to $2,135,619.62 in principal. The Note provides that WSFS could make the entire account balance immediately due and payable in the event of default. Defendant admits that he did not make regular monthly payments under the terms of the note and mortgage for the months of August, September, October, November, and December 2015, which constituted a default. Defendant also admitted that he had not satisfied that account balance. Finally, Plaintiff has submitted an affidavits from WSFS's Vice President, John B. Beal, affirming the amount of principal owed. Pl.'s Mot., Ex. C, ¶ 12 (Doc. No. 11-6). Therefore, the Court will award WSFS $2,135,619.62.

The Court finds that WSFS is entitled to $93,806.99 in interest plus continuing interest at the $204.23 *per diem* rate for each day after October 14, 2016 until such time that the account is paid in full. Defendant argues that the interest owed and the *per diem* rate have no evidentiary support. Defendant further argues that the increase in the *per diem* interest rate in January 2016 points to the possibility of an overstatement of what Defendant owes under the Note. Def.'s Br.,

---

[1] The Court notes that one of Defendant's arguments against summary judgment is that discovery has not been completed. Defendant claims that he is entitled to complete discovery regarding the amounts he owes under the Note. Def.'s Br., at 7. This argument must fail. Federal Rule of Civil Procedure 56(b) states that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery" unless a different time is set by local rule or court order. There is no conflicting local rule or order from this Court.

5

at 7. WSFS's Vice President affirmed the amount of interest owed and explained that the *per diem* rate increased in January 2016 due to a change in the Wall Street Prime Rate, which is the rate of interest applicable to the Note. Pl.'s Mot., Ex. C, ¶ 12; Pl.'s Resp. Br., Attachment 2, ¶ 9 (Doc. No. 18-3). Therefore, the Court will award WSFS $93,806.99 plus continuing interest at the $204.23 *per diem* rate for each day after October 14, 2016 until such time that the account is paid in full.

The Court finds that WSFS is entitled to $870 in appraisal fees. Defendant argues that there is no evidence existing to determine whether the Plaintiff incurred these fees in connection with enforcing Defendant's Note obligations. WSFS's Vice President affirmed that WSFS incurred these charges for appraisals in May 2012 and June 2015 in connection with its efforts to enforce Defendant's obligations under the Note. Pl.'s Resp. Br., Attachment 2, ¶ 6. Therefore, the Court will award WSFS $870.

The Court finds that WSFS is entitled to $5440.70 for late charges. Defendant took issue with Plaintiff's claim for $12,722.28 in late charges in their complaint. Defendant argues that a lender may not impose late fees for failure to make monthly payments after acceleration of the Note, unless the Note specifically allows for continued late fees. Def.'s Br., at 5-6.[2] Defendant also claims that there is "no way to verify the Plaintiff's calculation of the alleged late fees in accordance with the Note terms." Def.'s Br., at 6.

New Jersey courts have held that "[l]ate charges for nonpayment of installments claimed to be due after the filing of the complaint cannot be collected" because the late fee is based upon

---

[2] Defendant cites *Security Mutual Life Insurance Co. of N.Y. v. Contemporary Real Estate Assoc.,* 979 F.2d 329 (3d Cir. 1992) to support this proposition. Defendant's reliance is misplaced, as the *Security Mutual* case analyzed Pennsylvania substantive law.

nonpayment of installments and the lender repudiates the right to receive installments when it accelerates payment. *Crest Sav. and Loan Ass'n v. Mason*, 581 A.2d 120, 122 (N.J. Super. Ct. Ch. Div. 1990). The conflation of acceleration and filing of the complaint in *Crest Savings and Loan* comes from the fact that Plaintiff accelerated the loan at the time that the complaint was filed. *Id.* Here, Plaintiff accelerated the loan on November 2, 2015. Pl.'s Resp. Br., Attachment 2, ¶ 3.

Plaintiff's response to Defendant's claim that there is "no way to verify the Plaintiff's calculation of the alleged late fees" includes a verification of Plaintiff's calculation of the alleged late fees. Plaintiff provides a transaction history for Defendant's account in addition to Mr. Beal's affidavit, which explains that the late fee posted to the account on November 10, 2015 reflected the late fee for October 2015. Pl.'s Resp. Br., Attachment 1 (Doc. No. 18-2); Attachment 2, ¶ 4-5. The transaction history demonstrates that owed late fees totaling $5440.70 at the time of acceleration. *Id.* Therefore, the Court will award WSFS $5440.07.

The Court finds that WSFS is entitled to $13,985.85 for delinquent taxes. Defendant does not contest that he has failed to make payment of the taxes that have become liens against the mortgaged property. WSFS's Vice President has also affirmed the accuracy of the stated amount of delinquent taxes owed. Pl.'s Mot., Ex. C, ¶ 13. Therefore, the Court will award WSFS $13,985.85.

The Court finds that WSFS is entitled to $50 in property report fees. Defendant argues that there is no evidence to determine whether the property report fee was incurred in connection with enforcing Defendant's Note obligations. Def. Br., at 6. WSFS's Vice President affirmed that WSFS obtained an uninsured title report in March 2012 to determine all record interests in the

property that could be affected by a foreclosure. Pl.'s Resp. Br., Attachment 2, ¶ 7. He explained that WSFS obtains such reports in the ordinary course of business and that such costs are recoverable under the terms of the Note. *Id.*; Compl., Ex. A. Therefore, the Court will award WSFS $50.

Finally, the Court cannot determine whether Plaintiff's request for attorneys' fees and costs is reasonable. The Note provides that Defendant agreed to "reimburse Wilmington Savings Fund Society, FSB for all reasonable costs, expenses, and *reasonable attorney fees* incurred in enforcing its rights under th[e] agreement." Compl., Ex. A, at 11. Because Plaintiff failed to attach an affidavit containing the amount of hours counsel devoted to this actions and the hourly rate, the Court cannot determine whether WSFS's request for attorneys' fees and costs is reasonable.[3] In the Third Circuit, the burden of proving that a request for attorneys' fees is reasonable rests with the party seeking the fees. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). To satisfy this burden, the petitioner must "submit evidence supporting the hours worked and rates claimed." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The district court enjoys a "great deal of discretion" to adjust the awarded fee in light of the opponent's objections. *Id.* The starting point of the district court's analysis should be the lodestar amount, which is "the number of hours reasonably expended multiplied by a reasonable hourly rate." *Id.* (quoting *Hensley*, 461 U.S. at 433). "The Court may not make a finding of reasonableness based on a generalized sense of appropriateness, but must rely on the record."

---

[3] The Court notes that in the Third Circuit, "the right of a party or an attorney to recover attorney's fees from another party in a diversity action is a matter of state substantive law." *Mitzel v. Westinghouse Elec. Corp.*, 72 F.3d 414, 417 (3d Cir. 1995) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 n.31 (1975)). New Jersey has expressly "adopt[ed] the 'American Rule,' which prohibits recovery of attorneys' fees by the prevailing party against the losing party." *Myron Corp. v. Atl. Mut. Ins. Corp.*, 4 A.3d 999, 1001 (N.J. 2010). Thus, departure from the American Rule is only appropriate "where there is 'express authorization by statute, court rule or contract,'" or "when the interests of equity demand it." *In re Estate of Vayda*, 875 A.2d 925, 930 (N.J. 2005). Here, under the express terms of the Note, WSFS is entitled to recover reasonable attorneys' fees and costs.

*Acosta v. Nat'l Packaging, Inc.*, No. 09-701, 2010 WL 3001191, at *8 (July 28, 2010) (citing *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 361 (3d Cir. 2001)).

Here, the Court cannot determine whether WSFS's request is reasonable because WSFS failed to submit any documents containing the number of hours counsel devoted to this case or the reasonable hourly rate. Instead, Plaintiff's request simply represents that attorneys' fees "[a]s a consequence of Harvin's default . . . [are] $9360.08." Pl.'s Statement, ¶ 13. This information alone does not form a sufficient basis for the Court to determine the reasonableness of WSFS's request. Accordingly, the Court does not have sufficient information to determine whether WSFS's request for attorneys' fees and costs is reasonable at this time.

## IV.   CONCLUSION

For the reasons discussed above, Plaintiff's motion is **GRANTED** in part and **DENIED** in part. The Court will enter judgment in favor of WSFS in the amount of $2,249,773.16 plus continuing interest at the $204.23 *per diem* rate for each day after October 14, 2016 until such time that the account is paid in full. However, the Court will order WSFS to submit supporting documentation regarding its proposed counsel fees. With respect to counsel fees and costs, WSFS will have fourteen (14) days to provide documentation regarding the number of hours devoted by counsel to this litigation and the hourly rate, as well as an itemized list of all litigation costs. After WSFS provides the aforementioned documentation, the Court will issue an amended judgment as appropriate.

Dated: 10/14/2016                                              s/ Robert B. Kugler
                                                                                     ROBERT B. KUGLER
                                                                                     United States District Judge